USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 4, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SING CHUEN LAW,

                Plaintiff,

-v.-

AAE CORP., AAE EXPRESS CORP., AAE GROUP, LTD, AAE SYSTEMS CORP., AMERICAN ASIA EXPRESS CORP., AAE EXPRESS (DOWNTOWN) CORP., AAE EXPRESS (NY) CORP., AAE EXPRESS (QUEENS) CORP., AAE EXPRESS (SOHO) CORP., AAE EXPRESS ENTERPRISE, INC., GLOBAL EXPRESS INTERNATIONAL, INC., AAE EXPRESS (NJ) CORP., AAE EXPRESS (LA) CORP., AAE EXPRESS (SF) INC., XUN JING, CURT MELTZER, HE XIN ZHANG, SEAN JING, WAYNE WANG, and XIAO PING GENG,

                Defendants.

17 Civ. 10248 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

    Plaintiff brings this action for violations of the Fair Labor Standards Act of 1938, Pub. L. No. 75-718, 52 Stat. 1060 ("FLSA") (codified as amended at 29 U.S.C. §§ 201-219), the New York Labor Law, Consol. Laws 1909, ch. 31 ("NYLL"), New York General Business Law § 349 ("GBL"), and 26 U.S.C. § 7434, against Defendants AAE Corp., AAE Express Corp., AAE Group, Ltd, AAE Systems Corp., American Asia Express Corp., AAE Express (Downtown) Corp., AAE Express (NY) Corp., AAE Express (Soho) Corp., AAE Express Enterprise, Inc., Global Express International, Inc., AAE Express (NJ) Corp., AAE Express

SING CHUEN LAW,

      Plaintiff,

    -v.-

AAE CORP., AAE EXPRESS CORP., AAE GROUP, LTD, AAE SYSTEMS CORP., AMERICAN ASIA EXPRESS CORP., AAE EXPRESS (DOWNTOWN) CORP., AAE EXPRESS (NY) CORP., AAE EXPRESS (QUEENS) CORP., AAE EXPRESS (SOHO) CORP., AAE EXPRESS ENTERPRISE, INC., GLOBAL EXPRESS INTERNATIONAL, INC., AAE EXPRESS (NJ) CORP., AAE EXPRESS (LA) CORP., AAE EXPRESS (SF) INC., XUN JING, CURT MELTZER, HE XIN ZHANG, SEAN JING, WAYNE WANG, and XIAO PING GENG,

      Defendants.

17 Civ. 10248 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

  Plaintiff brings this action for violations of the Fair Labor Standards Act of 1938, Pub. L. No. 75-718, 52 Stat. 1060 ("FLSA") (codified as amended at 29 U.S.C. §§ 201-219), the New York Labor Law, Consol. Laws 1909, ch. 31 ("NYLL"), New York General Business Law § 349 ("GBL"), and 26 U.S.C. § 7434, against Defendants AAE Corp., AAE Express Corp., AAE Group, Ltd, AAE Systems Corp., American Asia Express Corp., AAE Express (Downtown) Corp., AAE Express (NY) Corp., AAE Express (Soho) Corp., AAE Express Enterprise, Inc., Global Express International, Inc., AAE Express (NJ) Corp., AAE Express

(LA) Corp., AAE Express (SF) Inc. (collectively, the "Corporate Defendants"),[1] Xun Jing, Curt Meltzer, He Xin Zhang, Sean Jing, Wayne Wang, and Xiao Ping Geng (together with the Corporate Defendants, "Defendants"). Plaintiff alleges, *inter alia*, that Defendants failed to pay appropriate minimum wage and overtime compensation; failed to pay spread of hours compensation; failed to provide Plaintiff with a meal period each working day; violated the notice and wage statement, pay stub, and record-keeping requirements of the NYLL; engaged in deceptive business practices; and filed fraudulent federal tax returns.

Plaintiff now moves for conditional certification under Section 216(b) of the FLSA, and for authorization to send notice to prospective collection action members. For the reasons set forth in this Opinion, the motion for conditional certification is granted, but solely for a class comprising current and former clerical workers who were employed at either of two locations since January 8, 2015: 41-70 Main Street #A1, Flushing, New York (the "Queens location"), or 35 West 39th Street, New York, New York (the "Midtown location").

---

[1]  Plaintiff alleges that each Corporate Defendant does business as "AAE Global Express." Though all of the Corporate Defendants have been served (Dkt. #14-27), only some have appeared in this action. To date, the following Corporate Defendants have not appeared: AAE Corp., AAE Express Corp., AAE Group, LTD, AAE Systems Corp., AAE Express (NY) Corp., AAE Express Enterprise, Inc., AAE Express (LA) Corp., and AAE Express (SF) Inc.

## BACKGROUND[2]

### A. Factual Background[3]

Plaintiff alleges that he was employed by Defendants as a "clerical worker" at the Queens and Midtown locations. (Compl. ¶ 65; Pl. Aff. ¶¶ 3, 22). He asserts that the Corporate Defendants were his "joint employers" and, further, that they "constitute an enterprise as the term is defined by 29 U.S.C. § 203(r) insofar as the establishments do business as AAE Global Express, share employees who work concurrently at the different corporate locations, [ ] are otherwise engaged in related activities ... , and are co-owned by the same partners[.]" (Compl. ¶ 42).

Plaintiff began working for Defendants sometime in 2009. (Compl. ¶ 65). He claims that, until February 2018, he consistently worked over 40 hours per week and was paid a flat fee irrespective of the number of hours worked. From January 2011 until February 2018, Plaintiff worked six days per week from

---

[2]  The facts in this Opinion are drawn from Plaintiff's Complaint ("Compl." (Dkt. #1)); the declaration of John Troy in support of the pending motion ("Troy Decl." (Dkt. #47)); and the affidavit of Sing Chuen Law in support of the pending motion ("Pl. Aff." (Dkt. #47-4)). For ease of reference, the Court refers to Plaintiff's opening brief as "Pl. Br." (Dkt. #48); Defendants' opposition brief as "Def. Opp." (Dkt. #49-8); and Plaintiff's reply brief as "Pl. Reply" (Dkt. #50).

[3]  Plaintiff bears the burden on a Section 216(b) motion. Accordingly, the Court focuses primarily on Plaintiff's account of the facts at this stage of the litigation. *See Myers* v. *Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (describing the "modest factual showing" needed for a motion for conditional certification). The Court "grant[s] the plaintiff the benefit of the doubt given the posture of this motion." *Williams* v. *Movage Inc.*, No. 17 Civ. 2628 (KPF), 2018 WL 1940435, at *1 n.2 (S.D.N.Y. Apr. 24, 2018) (quoting *Mendoza* v. *Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *1 n.1 (S.D.N.Y. Sept. 16, 2013)). By contrast, the Court does not consider the factual assertions contained in Defendants' opposition brief or declarations filed in support thereto. *See Escobar* v. *Motorino E. Vill. Inc.*, No. 14 Civ. 6760 (KPF), 2015 WL 4726871, at *3 (S.D.N.Y. Aug. 10, 2015) (quoting *Bhumithanarn* v. *22 Noodle Market Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985, at *4 (S.D.N.Y. July 13, 2015)).

3

9:30 a.m. until 7:00 p.m., for a total of 57 hours per week. (*Id.* at ¶ 66).[4] He claims that he was paid a total of $2,100 per month until May 31, 2013, and that his monthly pay was thereafter reduced to $1,800. (*Id.* at ¶¶ 67-68). Throughout his employment, he "was not given a fixed time for lunch or dinner … [and] had to eat his meal within fifteen [ ] minutes while on duty." (*Id.* at ¶ 69).

Plaintiff alleges that, "[a]t all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff[.]" (Compl. ¶ 82). He further alleges that Defendants (i) "refus[ed] to pay overtime compensation at the statutory rate of time and a half … for all hours worked in excess of forty [ ] hours per workweek" (*id.* at ¶ 94); "fail[ed] to pay Plaintiff spread-of-hours pay" (*id.* at ¶ 105); "failed to provide meal periods required by NYLL § 162" (*id.* at ¶ 108); "did not maintain, establish[,] and preserve Plaintiff'[s] weekly payroll records" (*id.* at ¶ 112); "failed to provide notice to employees … about the terms and conditions of employment related to rate of pay, regular pay cycle[,] and rate of overtime" (*id.* at ¶ 118); and "did not provide [a] paystub on or after each Plaintiff'[s] payday" (*id.* at ¶ 123).

---

[4]    The pleadings do not paint an entirely clear picture of the hours worked during various time periods. Plaintiff does not advance any allegations regarding the hours worked or wages earned from 2009 until January 2011. And although the Complaint alleges that Plaintiff worked 57 hours per week, Plaintiff's affidavit states that, from January 1, 2011, to February 2018, he worked 54 hours per week. (Pl. Aff. ¶ 4). By contrast, Plaintiff clearly states that his hours were drastically reduced after he filed the Complaint in this matter, such that, from February 2018 to May 2018, he worked a mere 18 hours per week. (*Id.* at ¶ 7).

4

Plaintiff brings this action "individually and ... on behalf of all other [current] and former non-exempt employees who have been or were employed by the Defendants for up to the last three [ ] years[.]" (Compl. ¶ 71). He specifically identifies four other employees who, in Plaintiff's estimation, were subjected to a common policy or plan that violated the law. Plaintiff first identifies Olivia Zhang, who "was hired by the Defendants to manage the [c]ounter at [the Queens] location." (Pl. Aff. ¶ 26). Plaintiff "was the one responsible for training Olivia Zhang to replace [him] at the [Queens] location." (*Id.* at ¶ 27). Ms. Zhang worked with Plaintiff for two months, during which Plaintiff interacted with her on a daily basis. (*Id.* at ¶¶ 28-29). Plaintiff states that Ms. Zhang "worked from 10:00 to 19:00 for nine [ ] hours[,] ... Mondays through Fridays[,] for ... forty-five [ ] hours each week." (*Id.* at ¶ 31). In November 2017, Plaintiff spoke with Ms. Zhang "about her wage and she told [him] that AAE paid her about $1[,]400 as a flat compensation for all hours that she worked, regardless of the number of hours that she worked." (*Id.* at ¶ 39). Plaintiff surmised that Ms. Zhang was paid less than he "because [he] was responsible for training her for those two months and [he] often interacted with her[,] and that is how [he] knew how much she was paid per month and what w[ere] her duties." (*Id.* at ¶ 40).

There are three other employees about whom Plaintiff provides less information. Plaintiff names Xiao Long Fang, the "Operational Staff member ... at the Midtown location." (Pl. Aff. ¶ 41). Plaintiff states that he spoke with Mr. Fang about Plaintiff's own "[w]orking hours, pay rate[,] and not being paid for

5

the overtime." (*Id.* at ¶ 42). He reports that Mr. Fang "regularly worked from Monday to Friday" from 10:00 a.m. to 7:00 p.m., for a total of 45 hours per week. (*Id.* at ¶¶ 43-44). Plaintiff also identifies an employee named Melody, a customer service representative who works five days per week from 9:30 a.m. to 6:30 p.m., for a total of 45 hours per week. (*Id.* at ¶¶ 48, 50). And finally, Plaintiff refers to Nicky Fan, a financial manager who worked at the Midtown location and who "would hand out pay check[s] at the beginning of each month[.]" (*Id.* at ¶ 54).

**B.     Procedural Background**

Plaintiff filed his Complaint on January 8, 2018. (Dkt. #1). The Court held an initial pretrial conference on May 23, 2018. During that conference, Plaintiff indicated that he intended to file a motion for conditional certification under Section 216(b) of the FLSA. Plaintiff filed his conditional certification motion on June 15, 2018. (Dkt. #46). Defendants filed their opposition brief on July 16, 2018. (Dkt. #49). Plaintiff filed his reply on July 30, 2018. (Dkt. #50).

## DISCUSSION

**A.     Applicable Law**

### 1.     The FLSA Generally

The FLSA permits aggrieved employees to bring collective actions against their employers for unlawful employment practices. The statute authorizes suits "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike class

6

actions brought under Rule 23, FLSA collective actions need not satisfy the standards of numerosity, typicality, commonality, or representativeness. *Young* v. *Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005); Fed. R. Civ. P. 23(a). "Also unlike Rule 23, only potential plaintiffs who 'opt in' by filing written consents to join the collective action can be 'bound by the judgment or benefit from it.'" *Mendoza* v. *Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013) (quoting *Gjurovich* v. *Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003)). District courts may, in their discretion, "facilitat[e] notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers* v. *Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (internal quotation marks omitted) (citing *Hoffmann-La Roche Inc.* v. *Sperling*, 493 U.S. 165, 169 (1989)).

### 2. Collective Certification Under Section 216(b) of the FLSA

The Second Circuit has endorsed a two-step method to certify FLSA collective actions. *Myers*, 624 F.3d at 555. At the first step, courts consider whether "to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* (internal quotation marks and citations omitted). At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* This second step "typically occurs after the completion of discovery[.]" *Bifulco* v.

7

*Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009). At the latter stage, the court may "decertify the class or divide it into subclasses, if appropriate." *McGlone* v. *Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

Plaintiffs bear a low burden at the first step: They need only "make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." *Glatt* v. *Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2015). Upon such a showing, plaintiffs may send notice to other potential plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. "Because minimal evidence is available at this stage, this determination is made using a 'relatively lenient evidentiary standard.'" *McGlone*, 867 F. Supp. 2d at 442 (quoting *Mentor* v. *Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)).

At the first stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Winfield* v. *Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) (quoting *Cunningham* v. *Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)). Courts in this District have therefore held that a FLSA collective action may be conditionally certified based upon even a single plaintiff's affidavit. *Escobar* v. *Motorino E. Village Inc.*, No. 14 Civ. 6760 (KPF), 2015 WL 4726871, at *2 (S.D.N.Y. Aug. 10, 2015) (collecting cases).

8

**B. Analysis**

**1. Plaintiff Has Met His Burden to Conditionally Certify Clerical Workers at the Flushing and Midtown Locations**

Plaintiff seeks conditional certification for a broad class of individuals that includes "all non-managerial employees of Defendants." (Pl. Br. 2, 13). These include "co-workers, delivery employees, and operational members" who worked "across the Defendants' locations." (*Id.* at 10). Plaintiff urges the Court to conditionally certify all non-management employees who have worked for Defendants since January 8, 2015, at any of the following locations:

- 35 West 39th Street, New York, NY 10018;
- 41-70 Main Street, Flushing, NY 11355;
- 1980 Route 27, Edison, NJ 08817; and
- 20275 Business Parkway, City of Industry, CA 91789.

(Dkt. #47-3, at 3).

Plaintiff's application for conditional certification of all non-management employees at all four of these locations is overbroad. Plaintiff's evidence of violations involves clerical workers only. Plaintiff himself was a "clerical worker" at the Midtown and Queens locations. (Compl. ¶ 65; Pl. Aff. ¶ 22). And Olivia Zhang, the only coworker about whose wage Plaintiff purports to have knowledge, was also a clerical worker. (Pl. Aff. ¶ 26). In fact, Ms. Zhang was hired "to replace [Plaintiff] at the [Queens] location," and Plaintiff was "responsible for training [Ms.] Zhang[.]" (*Id.* at ¶ 27). Ms. Zhang "had a mostly overlapping schedule with [Plaintiff]"; she "worked from 10:00 [a.m.] to [7:00 p.m.] for nine [ ] hours Mondays through Fridays for [a total of] forty-five [ ]

9

hours each week." (*Id.* at ¶¶ 30-31). Plaintiff claims that Ms. Zhang reported having been paid "about $1[,]400 as a flat compensation for all hours that she worked, regardless of the number of hours that she worked." (*Id.* at ¶ 39).[5] Plaintiff "know[s that Ms. Zhang] was paid less [than he] … because [he] was responsible for training her for those two months and [he] often interacted with her and that is how [he] knew how much she was paid per month and what [were] her duties." (*Id.* at ¶ 40).

Plaintiff's allegations regarding his own hours and wages, and those of his colleague Olivia Zhang, suffice to justify conditional certification of a class of clerical workers at the Queens and Midtown locations. As to those workers, Plaintiff has made the requisite "'modest factual showing' … that '[he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" *Downie* v. *Carelink, Inc.*, No. 16 Civ. 5868 (JPO), 2018 WL 3585282, at *2 (S.D.N.Y. July 26, 2018) (quoting *Myers*, 624 F.3d at 555). Indeed, Plaintiff has identified a "factual nexus" that binds him and other clerical workers at the Flushing and Midtown locations together "as victims of a particular practice." *Alvarez* v. *Schnipper Rests. LLC*, No. 16 Civ. 5779 (ER), 2017 WL 6375793, a *2 (S.D.N.Y. Dec. 12, 2017).[6]

---

[5]    Defendants make much of the fact that, when Plaintiff cites $1,400 as Ms. Zhang's wage, Plaintiff fails to specify whether it was paid on a weekly or monthly basis. (*See* Def. Opp. 3 (citing Pl. Aff. ¶ 39)). But when read in context, it is clear that the reference to $1,400 signifies Ms. Zhang's monthly salary. Indeed, in the very next paragraph, Plaintiff states that he knew "how much she was paid *per month*[.]" (Pl. Aff. ¶ 40 (emphasis added)). Plaintiff's affidavit, though imprecise at times, clearly alleges that Ms. Zhang was paid $1,400 per month.

[6]    Though Defendants present numerous documents that, in their estimation, suggest that Ms. Zhang "was paid significantly more than" Plaintiff has claimed, and that Plaintiff and Ms. Zhang were paid "under [ ] completely different structure[s]" in that

10

But Plaintiff has failed to make a similar showing as to employees in non-clerical positions or at locations other than the Queens and Midtown locations. To be sure, Plaintiff makes reference to several employees who were not clerical workers. He refers to Xiao Long Fang, an "[o]perational [s]taff member" who worked 45 hours per week. (Pl. Aff. ¶¶ 41, 44). He speaks of a Customer Service Representative named Melody who similarly worked 45 hours per week. (*Id.* at ¶¶ 48, 50). And he claims to have spoken to various deliverymen. (*Id.* at ¶ 57). Yet Plaintiff does not make any factual allegations about any of these co-workers' wages. Without such allegations, this Court has no basis to conclude that Defendants failed to pay overtime wages or minimum wage to anyone other than Plaintiff and Ms. Zhang, or that they were victims of "a common policy or plan that violated the law." *Glatt*, 811 F.3d at 540. Accordingly, the Court cannot find that Plaintiff has made even the modest factual showing required for conditional certification as to anyone other than clerical workers at the Queens and Midtown locations.

2. **Proposed Notice, Proposed Publication Order, and Pre-Certification Discovery**

Having decided that conditional certification is warranted for clerical workers at two of Defendants' locations, the Court next turns to Plaintiff's

---

Plaintiff "was a commissioned employee" while Ms. Zhang was not (Def. Opp. 3-4), on a motion for conditional certification, this Court may not consider any such documents. As many courts in this District have explained, on a motion for conditional certification, courts "do[ ] not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *See Bhumithanarn*, 2015 WL 4240985, at *3 (quoting *Lynch* v. *United Serv's Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).

11

proposed notice, proposed publication order, and request for pre-certification discovery.

### a. The Proposed Notice

Plaintiff seeks approval to send notice to the putative class of this action. The proposed notice, in relevant part, states that the notice "is meant to advise you of your right to participate" in a "lawsuit seek[ing] monetary damages under the [FLSA] and [NYLL] for allegedly owed minimum wages and overtime wages." (Dkt. #47-2, at 3). It further states that "[n]o determination has been made that you are owed any amount [of] money, and the Court is not endorsing the merits of this lawsuit or advising you to participate in this lawsuit. You are under no obligation to respond to this notice." (*Id.*). As drafted, the proposed notice provides potential members with a 90-day opt-in period. (*Id.*).

Though the proposed notice is largely acceptable to the Court, the Court will not approve it unless two revisions are made. *First*, the proposed notice must reflect this Court's decision limiting the conditionally certified class to clerical workers at the Midtown and Queens locations. *Second*, the proposed opt-in period must be limited to 60 days. Plaintiff has not adequately explained why a 90-day opt-in period is required. Courts in this Circuit "routinely restrict the opt-in period to sixty days." *Velasquez* v. *Digital Page, Inc.*, No. 11 Civ. 3892 (LDW) (AKT), 2014 WL 2048425, at *12 (E.D.N.Y. May 19, 2014). Generally, courts "only grant 90–day opt-in periods 'where the period is agreed upon between the parties or special circumstances require an extended opt-in period[.]'" *Strauch* v. *Computer Sciences Corp.*, No. 14 Civ. 956

12

(JBA), 2015 WL 3727804, at *5 (D. Conn. June 9, 2015) (quoting *Whitehorn* v. *Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011)); *accord Escano* v. *N & A Produce & Grocery Corp.*, No. 14 Civ. 4239 (PAC), 2015 WL 1069384, at *3 (S.D.N.Y. Mar. 11, 2015) ("Plaintiff does not explain why a 90-day period is necessary; accordingly, a 60-day period is appropriate."). Here, the Court sees no reason to permit an extended opt-in period and will therefore only approve a proposed notice that limits the period to 60 days.

  **b.** **Publication Order**

  The Court now turns to the proposed publication order. As an initial matter, the Court notes that the publication order will not need to be posted by Defendants at all four of their locations, but only at the Queens and Midtown locations, and that it will only need to be mailed to clerical workers employed at those two locations since January 8, 2015. The publication order must be revised accordingly. (Dkt. #47-3, at 2-4). Next, the Court notes that Defendants object to Plaintiff's characterization of the grounds for conditional certification as "substantial." (Def. Opp. 12). The relevant clause reads: "Whereas the Court finding that there exist substantial and sufficient grounds for entering this Order[.]" (Dkt. #47-3, at 2). Defendants assert that "the words 'substantial and' should be removed so as not to suggest that the Court has formed any opinion regarding the merits of the allegations." (Def. Opp. 12).

  The Court agrees with Defendants. The words "substantial and" add no discernable value, given that the rest of the clause already indicates that the Court finds sufficient grounds for conditional certification. More troublesome

still, inclusion of the words "substantial and" would suggest that the Court has formed a view on the merits of the case. In fact, the Court has deliberately refrained from forming a view on the merits, and has declined to consider evidence put forward by Defendants precisely because it is improper for the Court to make any credibility determinations or to develop views on the merits of Plaintiff's claims. *See Bhumithanarn* v. *22 Noodle Market Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985, at *3 (S.D.N.Y. July 13, 2015). The Court merely finds that Plaintiff has carried his light burden at this procedural stage. Accordingly, the Court will only approve the proposed publication order if the relevant clause is revised to read, "Whereas the Court finding that there exist sufficient grounds for entering this Order[.]"

    **c.**    **Pre-Certification Discovery**

Finally, the Court considers Plaintiff's request for pre-certification discovery. Plaintiff's proposed order calls for Defendants to provide Plaintiff's counsel, within 15 days, with an Excel spreadsheet containing the following information for each member of the putative class: first and last name, last known address with apartment number (if applicable), the last known telephone numbers, last known email addresses, and dates and positions of employment. (Dkt. #47-3, at 2). After carefully reviewing the parties' submissions, the Court finds that all of the requested information is appropriate. Courts often grant requests for names, last known addresses, telephone numbers, e-mail addresses, and dates of employment" in connection with a conditional certification of an FLSA collective action. *See, e.g., Raniere*

14

v. *Citigroup Inc.*, 827 F. Supp. 2d 294, 327 (S.D.N.Y. 2011); *Vaughan* v. *Mortg. Source LLC*, No. 08 Civ. 4737 (LDW) (AKT), 2010 WL 1528521, at *9 (E.D.N.Y. Apr. 14, 2010) ("Courts within the Second Circuit typically grant this type of request when granting a motion for conditional certification of an FLSA collective action."). Here, Plaintiff's discovery request falls squarely within the parameters that courts in this Circuit routinely permit for conditional certification.

Defendants object on two grounds, neither of which is persuasive. *First*, they argue that they should not be required to provide current or former employees' social security numbers. The Court agrees, as a general matter, that disclosure of sensitive personal information is unwarranted, unless the movant shows good cause. *See, e.g.*, *Chen* v. *Oceanica Chinese Rest., Inc.*, No. 13 Civ. 4623 (FB) (VVP), 2014 WL 1338315, at *8 (E.D.N.Y. Apr. 2, 2014) (courts are "reluctant to authorize the disclosure of private information, such as social security numbers, without good cause"). But as it happens, Plaintiff has not requested that Defendants provide him with any social security numbers. Defendants' objection is therefore moot.

*Second*, Defendants object to Plaintiff's request to have conditional class members' contact information produced in an Excel spreadsheet. (Def. Opp. 13). The Court agrees with Plaintiff that courts often grant movants' requests to have potential collective action members' contact information transmitted in a single Excel spreadsheet. *See, e.g.*, *Jeong Woo Kim* v. *511 E. 5th Street, LLC*, 985 F. Supp. 2d 439, 452 (S.D.N.Y. 2013). Defendants have

not explained why compiling an Excel spreadsheet would be unduly burdensome, and the Court has no independent reason to believe that it would be. Accordingly, the Court grants Plaintiff's request to have the information furnished in an Excel spreadsheet.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion is GRANTED, but solely as to clerical workers employed at Defendants' Queens and Midtown locations on or after January 8, 2015. Plaintiff is hereby ORDERED to revise the Proposed Notice and Consent to Sue form and the Proposed Publication Order within seven days of the date of this Order.

To the extent not previously done, Defendants are ORDERED to provide Plaintiff with the names, addresses, telephone numbers, email addresses, and dates and positions of employment of potential collective members within 15 days of the date of this Order.

Plaintiff is further ORDERED to mail the final Notice and Consent to Sue form no later than 30 days after Defendants produce the names and relevant information for potential collective members.

The Clerk of Court is directed to terminate the motion at Docket Entry 46.

SO ORDERED.

Dated:   October 4, 2018
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge