# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

January 25, 2020

*Via ECF*

Honorable Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
    ***LAW et al. v AAE CORP. d/b/a AAE Global Express et al., 17-cv-10248***

Dear Judge Failla:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

## I.   Background

Plaintiff SING CHUEN LAW was employed by one or more of the Defendants[1] - AAE CORP. d/b/a AAE Global Express; AAE EXPRESS CORP. d/b/a AAE Global Express; AAE GROUP, LTD. d/b/a AAE Global Express; AAE SYSTEMS CORP. d/b/a AAE Global Express; AMERICAN ASIA EXPRESS CORP.; AAE EXPRESS (DOWNTOWN) CORP. d/b/a AAE Global Express; AAE EXPRESS (NY) CORP. d/b/a AAE Global Express; AAE EXPRESS (QUEENS) CORP. d/b/a AAE Global Express; AAE EXPRESS ENTERPRISE, INC. d/b/a AAE Global Express; Global Express International, Inc. d/b/a AAE Global Express; AAE EXPRESS (NJ) CORP. d/b/a AAE Global Express; AAE EXPRESS (LA) CORP. d/b/a AAE Global Express; and AAE Express (SF) Inc. d/b/a AAE Global ExpressXUN JING, CURT MELTZER, HE XIN ZHANG, SEAN JING, WAYNE WANG, and XIAO PING GENG, (collectively, "Defendants"),

---

[1] The parties dispute which of the named defendants employed Plaintiff. Settling Defendants acknowledge that three of the named defendants – AAE Express (Queens) Corp., American Asia Express Corp. and Global Express International, Inc. – employed Plaintiff at different times and it is Plaintiff's position that additional defendants also employed Plaintiff. For purposes of this Settlement, the distinction is of little importance, however.

Hon. Katherine P. Failla
Page 2

This lawsuit was originally filed on January 08, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 et seq., §§ 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.   The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Eighty-Two Thousand Dollars ($82,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

Hon. Katherine P. Failla
Page 3

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff SING CHUEN LAW claimed that he worked approximately fifty-seven (57) hours on average each week from January 01, 2011 to July 14, 2017; and he was paid Two Thousand One Hundred Dollars ($2,100.00) per month from January 01, 2011 to May 31, 2013; and One Thousand Nine Hundred Dollars ($1,900.00) per month from June 01, 2013 to July 14, 2017.

Plaintiff SING CHUEN LAW's overtime compensation shortfall without liquidated damages under the FLSA was Thirty-Three Thousand Eight Hundred Fifty-Seven Dollars And Fifty-Five Cents ($33,857.55) and his minimum wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was Ninety-Six Thousand Five Hundred Twenty-Six Dollars And Ninety-Two Cents ($96,526.92). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Thirty-Five Thousand Fifty-Nine Dollars And Ninety-Six Cents ($35,059.96) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Two Hundred Thirty-Eight Thousand One Hundred Thirteen Dollars And Eighty Cents ($238,113.80).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Eighty-Two Thousand Dollars ($82,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Settling Defendants' Assessment[2]

---

[2] Many of the Defendants in this action did not appear and one who has appeared has been dismissed from this action by Plaintiff. The term "Settling Defendants" refers to those Defendants who are participating in this Settlement – they are the Defendants currently represented by attorney Daniel L. Millman - American

Hon. Katherine P. Failla
Page 4

Settling Defendants, for the purposes of settlement negotiation only, acknowledge plaintiff's allegations that he was not paid the full amount of overtime required under the law. The dispute in this case primarily – but not exclusively – revolved around (1) the amount of damages to which Plaintiff is entitled and (2) which Defendants are properly named as responsible for the alleged wage violations.

Based upon counsel's calculations, Settling Defendants submit that the true amount of damages to which Plaintiff would be entitled after prevailing at trial – excluding attorneys' fees and interest – amounts to approximately $32,425. For purposes of this letter, Settling Defendants' counsel does not believe it necessary to provide its calculations, since this is not a trial or summary judgment motion, but they have been provided to Plaintiff's counsel and are available upon request. However, for purposes of providing the Court with a true understanding of the disputed issues concerning damages, the following are the respects in which Settling Defendants contend Plaintiff miscalculated – to a significant degree – the damages to which he is entitled:

(1) Plaintiffs include liquidated damages twice – the Courts in the Second Circuit have repeatedly stated that a double recovery (i.e. liquidated damages under both State and Federal Law) is not permitted.

(2) Plaintiffs fail to exclude – in calculating damages – the period of time between October 5, 2013 and January 31, 2015, despite the fact that Plaintiff Law was compensated for all underpaid wages during this time period pursuant to a settlement and waived his right to claim damages for wage violations during this time period.

(3) Plaintiff's counsel has incorrectly stated the amount of monies he received for his employment.

(4) Plaintiffs' counsel includes figures for Spread of Hours pay which Plaintiff Law is not entitled to because he was paid minimum wage and above for all periods except for one three-month period in 2012.

---

Asia Express Corp., AAE Express (Downtown) Corp., AAE Express (Queens) Corp., Global Express International, Inc., AAE Express (NJ) Corp., Xun Jing, He Xin Zhang, Wayne Wang and Xiao Ping Geng.

Hon. Katherine P. Failla
Page 5

    (5)    Plaintiffs' counsel calculates the RRP by dividing the weekly pay by 40 hours – instead of the number of hours actually worked by Plaintiff, as required by law for a Miscellaneous Industry such as that in which Plaintiffs were employed, pursuant to 12 N.Y.C.R.R. §142-2.16.

    (6)    Plaintiffs' counsel calculates the number of hours worked by Plaintiff as 57 – it is Settling Defendant's position that Plaintiff worked an average of 47.5 hours per week.

Moreover, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that it had reasonable grounds to believe that its act or omission was not a violation of FLSA or willful underpayment under NYLL. Settling Defendants believe that their action was in good faith and that there was no willful underpayment, which could call into question whether Plaintiff would have ultimately received liquidated damages.

### III.    The Attorneys' Fees Are Fair and Reasonable

Settling Defendants will provide Plaintiff with a settlement in the amount of Eighty-Two Thousand Dollars ($82,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Eight Thousand One Hundred Five Dollars And Forty-Eight Cents ($8,105.48). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Seventy-Three Thousand Eight Hundred Ninety-Four Dollars And Fifty-Two Cents ($73,894.52).

Of the Net Settlement Amount, One Third (1/3), or Twenty-Four Thousand Six Hundred Thirty-One Dollars And Fifty-One Cents($24,631.51), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Eight Thousand One Hundred Five Dollars And Forty-Eight Cents ($8,105.48) for a total of Thirty-Two Thousand Seven Hundred Thirty-Six Dollars And Ninety-Nine Cents ($32,736.99). Of the Net Settlement Amount, Two Thirds (2/3), or Forty-Nine Thousand Two Hundred Sixty-Three Dollars And One Cent ($49,263.01) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to

Hon. Katherine P. Failla
Page 6

costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

      For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **DANIEL L. MILLMAN, ESQ., P.C.** |
| *Attorneys for Plaintiffs* | *Attorneys for Settling Defendants* |
| | |
| /s/ John Troy | |
| John Troy, Esq. | Daniel L Millman, Esq. |
| 41-25 Kissena Blvd., Suite 119 | 500 North Broadway, Suite 153 |
| Flushing, NY 11355 | Jericho, NY 11753 |
| Tel.: 718 762 1324 | Tel: (516)528-2499 |