## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among SING CHUEN LAW (hereinafter "Plaintiff") and AMERICAN ASIA EXPRESS CORP., AAE EXPRESS (DOWNTOWN) CORP., AAE EXPRESS (QUEENS) CORP., Global Express International, Inc. d/b/a AAE Global Express, AAE EXPRESS (NJ) CORP., XUN JING, HE XIN ZHANG, WAYNE WANG and XIAO PING GENG (hereinafter, "the Defendants") (Plaintiff and Defendant are collectively referred to herein as "the Parties"); and

**WHEREAS**, Plaintiff was employed by one or more of the Defendants[1] for certain time periods; and

**WHEREAS**, on January 08, 2018, SING CHUEN LAW, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-10248 (the "Complaint"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint;

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Daniel L Millman, Esq., DANIEL L. MILLMAN, ESQ., P.C., 500 North Broadway, Suite 153, Tel: (516)528-2499, Email: dlmillman@optimum.net and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

---

[1] The parties dispute which of the named defendants employed Plaintiff. Defendants acknowledge that three of the named defendants – AAE Express (Queens) Corp., American Asia Express Corp. and Global Express International, Inc. – employed Plaintiff at different times and it is Plaintiff's position that additional defendants also employed Plaintiff. For purposes of this Settlement, the distinction is of little importance, however.

1. **Settlement Amount**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all claims related to this lawsuit against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement payment in the amount of Eighty-Two Thousand Dollars ($82,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Eight Thousand One Hundred Five Dollars And Forty-Eight Cents ($8,105.48). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Seventy-Three Thousand Eight Hundred Ninety-Four Dollars And Fifty-Two Cents ($73,894.52).

Of the Net Settlement Amount, One Third (1/3), or Twenty-Four Thousand Six Hundred Thirty-One Dollars And Fifty-One Cents($24,631.51), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Eight Thousand One Hundred Five Dollars And Forty-Eight Cents ($8,105.48) for a total of Thirty-Two Thousand Seven Hundred Thirty-Six Dollars And Ninety-Nine Cents ($32,736.99). Of the Net Settlement Amount, Two Thirds (2/3), or Forty-Nine Thousand Two Hundred Sixty-Three Dollars And One Cent ($49,263.01) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

2. **Settlement Payment Schedule**

The Settlement shall be payable on a schedule as set forth as follows: Eighty-Two Thousand Dollars ($82,000.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 1 months of judicial approval of this settlement agreement and consist of three (3) checks:

> 01) A bank check made payable to "Troy Law, PLLC" in the amount of Eight Thousand One Hundred Five Dollars And Forty-Eight Cents ($8,105.48) and memo noting "AAE CORP. Settlement Pay" representing out-of-pocket costs expended on behalf of Plaintiff for the present action;
>
> 02) A bank check of Twenty-Four Thousand Six Hundred Thirty-One Dollars And Fifty-One Cents ($24,631.51), made payable to "Troy Law, PLLC" and memo noting "AAE CORP. Settlement Pay"; and
>
> 03) A bank check of Forty-Nine Thousand Two Hundred Sixty-Three Dollars And One Cent ($49,263.01), made payable to "SING CHUEN LAW" and memo noting "AAE CORP. Settlement Pay".

3. **Missed/ Late Payment**

a) If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but fails to clear the first time when it is deposited or is otherwise unpresentable for payment, including being not signed or being made to the

incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment in addition to whatever service charge that are incurred as a result of the bounced check and this charge will be paid with the new payment.
b) Defendants agree to pay both Defendants' Counsel and Plaintiff's counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.
c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

### 4. Attorneys' Fees in the Event of Default

a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

### 5. Stipulation Not To Sell without Advance Notice

a) Defendants' sale of their business shall result in the accelerated payment of the entire Settlement sum.
b) Further, Defendants agree not to sell the business without giving Plaintiffs three months advance notice and further agree to hold any sale proceeds in escrow in the full amount of settlement sum still due to Plaintiffs.
c) Shall the proceeds be less than full settlement sum, the entirety of the proceeds shall be held in escrow for Plaintiffs.

### 6. Acceleration of Settlement Sum Upon Default

a) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

### 7. Tax

a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

### 8. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby unconditionally and irrevocably gives up, waives, discharges, and releases, to the fullest extent permitted by law, (i) XUN JING, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) CURT MELTZER, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) HE XIN ZHANG, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors

and assigns; (iv) SEAN JING, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (v) WAYNE WANG, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (vi) XIAO PING GENG, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (vii) AAE CORP. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (viii) AAE EXPRESS CORP. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ix) AAE GROUP, LTD. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (x) AAE SYSTEMS CORP. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xi) AMERICAN ASIA EXPRESS CORP. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees, (xii) AAE EXPRESS (DOWNTOWN) CORP. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xiii) AAE EXPRESS (NY) CORP. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xiv) AAE EXPRESS (QUEENS) CORP. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xv) AAE EXPRESS ENTERPRISE, INC. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xvi) Global Express International, Inc. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xvii) AAE EXPRESS (NJ) CORP. d/b/a AAE

Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xviii) AAE EXPRESS (LA) CORP. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xiv) AAE Express (SF) Inc. d/b/a AAE Global Express and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Plaintiff has or may have against Defendants as of the date the Agreement is signed on behalf of Plaintiff.

Nothing in this release shall prohibit any of the parties to this Agreement from enforcing this Agreement and/or exercising any other rights either party shall have under this Agreement in the event of a breach of same.

Nothing herein shall prevent Plaintiff from filing a charge concerning matters unrelated to the allegations in the Complaint or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency in connection with matters unrelated to the Complaint.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

### 9. Discontinuance of Claims

Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or his representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw this Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court.

### 10. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to

Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 11. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with one or more of the Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees and costs.

### 12. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 13. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 14. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 15. Legal Counsel

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 16. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HIS**

**OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

### CERTIFICATE OF TRANSLATION (for Plaintiff)

I, _Tiffany Troy_, certify that I am fluent in both Chinese (Mandarin) and English and that I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Chinese (Mandarin) for Plaintiff(s) SING CHUEN LAW. After the translation, I asked he understood the contents of the Settlement Agreement which he is signing and the Joint Fairness Letter Motion which explains the Parties believe the Settlement is fair, and which I have translated, and he answered in the affirmative. he has signed the Settlement Agreement in my presence after the translation, after due consideration and without coercion.

_____
Translator Signature

**PLAINTIFF**

SING CHUEN LAW

_____
Dated:

**DEFENDANTS**

XUN JING

_[signed]_

Dated: 01/31/2020

HE XIN ZHANG

Dated: _____

WAYNE WANG

Dated: _____

XIAO PING GENG

Dated: _____

AMERICAN ASIA EXPRESS CORP.

_[signed]_

Name: Xun Jing
Title: President
Dated: 01/31/2020

**DEFENDANTS**

XUN JING

_____
Dated:

HE XIN ZHANG

_____
Dated:

WAYNE WANG

_____
Dated: 1/31/2020

XIAO PING GENG

_____
Dated: 1/31/2020

AMERICAN ASIA EXPRESS CORP.

_____
Name:
Title:
Dated:

## DEFENDANTS

XUN JING

Dated:

HE XIN ZHANG

[signature]
Dated: 2/10/2020

WAYNE WANG

Dated:

XIAO PING GENG

Dated:

AMERICAN ASIA EXPRESS CORP.

Name:
Title:
Dated:

AAE EXPRESS (DOWNTOWN) CORP.

*[signature]*

Name: ZHANG, HE XIN
Title: VP
Dated: 2/20/20

AAE EXPRESS (QUEENS) CORP.

_____
Name:
Title:
Dated:

Global Express International, Inc. d/b/a AAE Global Express

_____
Name:
Title:
Dated:

AAE EXPRESS (NJ) CORP.

_____
Name:
Title:
Dated:

AAE EXPRESS (DOWNTOWN) CORP.

_____
Name:
Title:
Dated:


AAE EXPRESS (QUEENS) CORP.

_____
Name: Xiao Ping Geng
Title: share holder
Dated:


Global Express International, Inc. d/b/a AAE Global Express

_____
Name: Wayne Wang
Title: manager
Dated: 01/31/2020


AAE EXPRESS (NJ) CORP.

_____
Name:
Title:
Dated:

AAE EXPRESS (DOWNTOWN) CORP.

_____
Name:
Title:
Dated:

AAE EXPRESS (QUEENS) CORP.

_____
Name:
Title:
Dated:

Global Express International, Inc. d/b/a AAE Global Express

_____
Name:
Title:
Dated:

AAE EXPRESS (NJ) CORP.

_____
Name: Xiang Ping Ding
Title: VP.
Dated: 2/26/20

9 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SING CHUEN LAW,
*on behalf of himself and others similarly situated*,

                    Plaintiff,

     -against-

AAE CORP. d/b/a AAE Global Express, AAE EXPRESS CORP. d/b/a AAE Global Express, AAE GROUP, LTD. d/b/a AAE Global Express, AAE SYSTEMS CORP. d/b/a AAE Global Express, AMERICAN ASIA EXPRESS CORP. d/b/a AAE Global Express, AAE EXPRESS (DOWNTOWN) CORP. d/b/a AAE Global Express, AAE EXPRESS (NY) CORP. d/b/a AAE Global Express, AAE EXPRESS (QUEENS) CORP. d/b/a AAE Global Express, AAE EXPRESS (SOHO) CORP. d/b/a AAE Global Express, AAE EXPRESS ENTERPRISE, INC. d/b/a AAE Global Express, GLOBAL EXPRESS INTERNATIONAL, INC. d/b/a AAE Global Express, AAE EXPRESS (NJ) CORP. d/b/a AAE Global Express, AAE EXPRESS (LA) CORP. d/b/a AAE Global Express, AAE EXPRESS (SF) INC. d/b/a AAE Global Express, XUN JING, CURT MELTZER, HE XIN ZHANG, SEAN JING, WAYNE WANG and XIAO PING GENG,

                    Defendants.
------------------------------------------------------------------------x

Case No.:
17-cv-10248 (KPF)

**AFFIDAVIT OF TRANSLATION**

STATE OF NEW YORK  )
                             ) ss:
COUNTY OF NEW YORK )

MONICA LIN, being duly sworn, deposes and says:

    1.    I am currently employed at a law firm in New York City as an Office Manager and have been asked to assist Daniel L. Millman, an attorney representing several of the defendants in this action.

    2.    I am fluent in Chinese and have spoken Chinese as my primary language for my

entire life. I am also fluent in English and regularly communicate with others in English, including clients and others I work with.

3. I hereby certify that I have translated the attached **SETTLEMENT AGREEMENT** to Xiao Ping Geng. He confirmed that he understood it, agreed with it and signed it in my presence.

4. I further certify that, to the best of my knowledge, the translation I made to Xiao Ping Geng is true and accurate.

_____
Monica Lin

Subscribed to and sworn before me
this 31st day of January, 2020

_____
Notary Public

DANIEL MILLMAN
Notary Public, State of New York
No. 02MI6093199
Qualified in ~~Suffolk~~ County
Commission Expires June 2, 2023

New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SING CHUEN LAW,
*on behalf of himself and others similarly situated,*

                    Plaintiff,

    -against-

AAE CORP. d/b/a AAE Global Express, AAE EXPRESS CORP. d/b/a AAE Global Express, AAE GROUP, LTD. d/b/a AAE Global Express, AAE SYSTEMS CORP. d/b/a AAE Global Express, AMERICAN ASIA EXPRESS CORP. d/b/a AAE Global Express, AAE EXPRESS (DOWNTOWN) CORP. d/b/a AAE Global Express, AAE EXPRESS (NY) CORP. d/b/a AAE Global Express, AAE EXPRESS (QUEENS) CORP. d/b/a AAE Global Express, AAE EXPRESS (SOHO) CORP. d/b/a AAE Global Express, AAE EXPRESS ENTERPRISE, INC. d/b/a AAE Global Express, GLOBAL EXPRESS INTERNATIONAL, INC. d/b/a AAE Global Express, AAE EXPRESS (NJ) CORP. d/b/a AAE Global Express, AAE EXPRESS (LA) CORP. d/b/a AAE Global Express, AAE EXPRESS (SF) INC. d/b/a AAE Global Express, XUN JING, CURT MELTZER, HE XIN ZHANG, SEAN JING, WAYNE WANG and XIAO PING GENG,

                    Defendants.
------------------------------------------------------------------------x

Case No.:
17-cv-10248 (KPF)

**AFFIDAVIT OF TRANSLATION**

STATE OF NEW YORK   )
                             ) ss:
COUNTY OF NEW YORK )

MONICA LIN, being duly sworn, deposes and says:

    1.    I am currently employed at a law firm in New York City as an Office Manager and have been asked to assist Daniel L. Millman, an attorney representing several of the defendants in this action.

2. I am fluent in Chinese and have spoken Chinese as my primary language for my entire life. I am also fluent in English and regularly communicate with others in English, including clients and others I work with.

3. I hereby certify that I have translated the attached **SETTLEMENT AGREEMENT** to Xun Jing over the telephone. He confirmed that he understood it, agreed with it and advised me that he was signing it in my presence.

4. I further certify that, to the best of my knowledge, the translation I made to Xun Jing is true and accurate.

Monica Lin

Subscribed to and sworn before me
this 31st day of January, 2020

Notary Public

DANIEL MILLMAN
Notary Public, State of New York
No. 02MI6093199
Qualified in Suffolk County
Commission Expires June 2, 20 23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SING CHUEN LAW,
*on behalf of himself and others similarly situated*,

                Plaintiff,

     -against-

AAE CORP. d/b/a AAE Global Express, AAE EXPRESS
CORP. d/b/a AAE Global Express, AAE GROUP, LTD.
d/b/a AAE Global Express, AAE SYSTEMS CORP.
d/b/a AAE Global Express, AMERICAN ASIA EXPRESS
CORP. d/b/a AAE Global Express, AAE EXPRESS
(DOWNTOWN) CORP. d/b/a AAE Global Express,
AAE EXPRESS (NY) CORP. d/b/a AAE Global Express,
AAE EXPRESS (QUEENS) CORP. d/b/a AAE Global
Express, AAE EXPRESS (SOHO) CORP. d/b/a AAE
Global Express, AAE EXPRESS ENTERPRISE, INC.
d/b/a AAE Global Express, GLOBAL EXPRESS
INTERNATIONAL, INC. d/b/a AAE Global Express,
AAE EXPRESS (NJ) CORP. d/b/a AAE Global Express,
AAE EXPRESS (LA) CORP. d/b/a AAE Global Express,
AAE EXPRESS (SF) INC. d/b/a AAE Global Express,
XUN JING, CURT MELTZER, HE XIN ZHANG,
SEAN JING, WAYNE WANG and XIAO PING GENG,

                Defendants.
------------------------------------------------------------------------x

Case No.:
17-cv-10248 (KPF)

**AFFIDAVIT
OF TRANSLATION**

STATE OF NEW YORK   )
                            ) ss:
COUNTY OF NEW YORK )

MONICA LIN, being duly sworn, deposes and says:

     1.     I am currently employed at a law firm in New York City as an Office Manager and have been asked to assist Daniel L. Millman, an attorney representing several of the defendants in this action.

     2.     I am fluent in Chinese and have spoken Chinese as my primary language for my

entire life. I am also fluent in English and regularly communicate with others in English, including clients and others I work with.

        3.      I hereby certify that I have translated the attached **SETTLEMENT AGREEMENT** to He Xin Zhang. He confirmed that he understood it, agreed with it and signed it in my presence.

        4.      I further certify that, to the best of my knowledge, the translation I made to He Xin Zhang is true and accurate.

_____
                                     Monica Lin

Subscribed to and sworn before me
this 6TH day of February, 2020

_____
              Notary Public

BRIAN SHENGJIN YANG
Notary Public, State of New York
No. 02YA6068559
Qualified in Queens County
Commission Expires Jan. 7, 2022